IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SMALL, <br><br> PLAINTIFF, <br><br> v. <br><br> MARKET RESOURCE PARTNERS, LLC, <br><br> DEFENDANT. | CIVIL ACTION NO._____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Steven Small, by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Steven Small, a former employee of Market Resource Partners, LLC. Mr. Small has been harmed by Defendant's racial discrimination and harassment, and by Defendant's retaliation for Mr. Small's complaints regarding this discrimination and harassment. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTIONAL STATEMENT

2. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be

commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. On September 16, 2014, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in this matter. This action has been filed within 90 days of Plaintiff's receipt of said Notice.[1]

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

7. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e) et seq.

## PARTIES

8. Plaintiff Steven Small is an African American male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

9. Defendant Market Resource Partners, LLC (hereinafter "MRP") was and is a corporation duly organized and existing under state law that acted as Mr. Small's employer, that does significant business within the Commonwealth of Pennsylvania, and is engaged in an industry affecting commerce.

10. MRP has a location at 1650 Arch Street #2210, Philadelphia, Pennsylvania 19103 where Plaintiff was employed.

---

[1] Mr. Small also filed administrative claims with the Pennsylvania Human Relations Commission and Philadelphia Commission on Human Relations. The Complaint in this matter was filed with the Philadelphia Commission on Human Relations and Pennsylvania Human Relations Commission less than one year ago. After exhausting his administrative remedies with these agencies, Mr. Small intends to amend or seek to amend his Complaint in this matter to bring these claims before this Court as well.

11. At all times material hereto, Defendant MRP employed more than fifteen people.

12. At all times material hereto, Defendant MRP acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

13. At all times relevant hereto, Defendant MRP acted as a "person" and "employer" within the meaning of one or more of the anti-discrimination laws at issue in this suit and is accordingly subject to the provisions of said laws.

14. At all times relevant hereto, Plaintiff Steven Small was an "employee" of Defendant within the meaning of the anti-discrimination laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

15. Mr. Small began working for MRP in May 2013.

16. Mr. Small was supervised in his position by his manager Steve Weaver and Vice President of Finance Kevin Vogt, who are both Caucasian.

17. During his employment with MRP, Mr. Small performed his job duties in an excellent manner and, prior to the complaints made by Mr. Small described herein, MRP was satisfied with Mr. Small's performance.

18. On or about December 6, 2013, Mr. Vogt approached Mr. Small and his African-American co-worker, Michael Burgis, and told Plaintiff and Mr. Burgis that the only reason they were permitted to work overtime was that Mr. Weaver, their manager, was too scared to deny them overtime.

19. In making this statement, Mr. Vogt was suggesting that because Mr. Small and Mr. Burgis are black, Mr. Weaver was afraid of them.

20. On December 9, 2013, Mr. Small complained in writing to Human Resources Manager Sam King and Mr. Weaver that he believed that the comment by Mr. Vogt was discriminatory and harassing, and that it had been motivated by Plaintiff's race.

21. Two days later, on December 11, 2013, Mr. Small met with Mr. King, Mr. Weaver and Mr. Vogt. During this meeting, Mr. Small was informed that he had misunderstood Mr. Vogt's comment, Mr. Vogt provided an alternate explanation for his comment, and Mr. Vogt shook Plaintiff's hand and apologized.

22. After this meeting, on December 11, 2013, Mr. Weaver informed Mr. Small that he would "have to get back to" Mr. Small regarding his eligibility to work overtime going forward. Mr. Small was never again permitted to work overtime by Mr. Weaver.

23. The very next day, Mr. King sent Mr. Small an email in which he indicated his disappointment that Mr. Small refused to accept Mr. Vogt's explanation of the racially motivated comment.

24. Mr. Small was transferred from the Cisco team to the Hewlett Packard team at MRP on December 12, 2013.

25. Immediately upon being transferred, Mr. Small began to receive racially offensive and other inappropriate email chains from co-workers.

26. There were several supervisors and members of upper management at MRP who were either copied on these emails, or who actively participated in the email chains.

27. These inappropriate email chains continued through the remainder of Mr. Small's employment at MRP.

28. In addition to this further harassment, Mr. Small was retaliated against because he was provided with a very poor quality list of companies to make sales calls to. For example, on at

least one occasion, Mr. Small was provided a list of companies to pitch Hewlett Packard to that included Hewlett Packard, suggesting that Mr. Small pitch HP to itself.

29. Within two days of his written complaint to Human Resources and his manager about discrimination and harassment, Mr. Small was denied overtime.

30. Within three days of his written complaint to Human Resources and his manager about discrimination and harassment, Mr. Small was transferred to a different team at MRP.

31. Approximately one month after his written complaint to Human Resources and his manager about discrimination and harassment, Mr. Small was terminated, on or about January 10, 2014.

32. Prior to his termination, in early January 2014, Mr. Small communicated to his team lead and direct supervisor, Brandon Wilkins, his intention to make a formal complaint to the EEOC regarding racial discrimination and harassment, and retaliation for his complaints about discrimination and harassment.

33. Within approximately one week of communicating his intention to make a formal complaint to the EEOC, which Mr. Small did make on January 4, 2014, Mr. Small was terminated.

34. Defendants' explanation for Mr. Small's termination was a pretext for race discrimination and harassment, and retaliation for Mr. Small's complaints regarding racial discrimination and harassment.

35. As a result of the severe and pervasive race discrimination, harassment, and retaliation suffered by Mr. Small, Mr. Small suffered, and continues to suffer financial losses.

36. As a result of the severe and pervasive race discrimination, harassment, and

retaliation suffered by Mr. Small, Mr. Small suffered, and continues to suffer severe emotional distress.

## COUNT I
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e))

37. Plaintiff Steven Small repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

38. Based on the foregoing, Defendant MRP has engaged in unlawful employment practices in violation of Title VII.

39. In discriminating against, harassing, and retaliating against Mr. Small because of his race and because of his complaints about race discrimination and harassment, and terminating Mr. Small, Defendant MRP violated Title VII of the Civil Rights Act of 1964.

40. Said violations were intentional and willful.

41. Said violations warrant the imposition of punitive damages.

42. As the direct and proximate result of Defendant's violation of Title VII, Plaintiff Steven Small has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

43. Plaintiff Steven Small is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
### (Civil Rights Act of 1866, 42 U.S.C. § 1981)

44. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

45. Based on the foregoing, Defendant MRP engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

46. In discriminating against, harassing, and retaliating against Mr. Small because of his race and because of his complaints about race discrimination and harassment, and terminating Mr. Small, Defendant MRP violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

47. Said violations were intentional and willful.

48. Said violations warrant the imposition of punitive damages.

49. As the direct and proximate result of the Defendant's violation of Section 1981, Plaintiff Steven Small has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

50. Plaintiff Steven Small is now suffering and will continue to suffer irreparable harm and monetary damages as a result of the Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

51. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Steven Small respectfully requests that this Court enter judgment in his favor and against Defendant MRP and enter an Order:

    a. Declaring that the acts and practices complained of herein violate Title VII;

    b. Declaring that the acts and practices complained of herein violate Section 1981;

    c. Enjoining and restraining the acts and practices complained of herein;

d. Awarding compensatory damages to Plaintiff Steven Small to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of the Defendant's discriminatory conduct;

e. Awarding compensatory damages to Plaintiff Steven Small for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

f. Awarding punitive damages to Plaintiff Steven Small;

g. Awarding Plaintiff Steven Small costs of this action together with reasonable attorneys' fees;

h. Awarding Plaintiff Steven Small such other damages as are appropriate under Title VII and Section 1981; and

i. Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Steven Small hereby demands trial by jury as to all issues so triable.

*[signature: James A. Bell IV]*

James A. Bell IV, Esquire
PA Attorney I.D.# 81724
Christopher A. Macey, Jr. Esquire
PA Attorney I.D.# 207800
Bell & Bell LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA 19103
(215) 569-2500

Attorneys for Plaintiff Steven Small

DATED:   December 8, 2014

8